Rtiffin, Chief Justice.
The act of 1827, ch. 2, renders an endorser of a negotiable instrument — excepting bills of exchange — “ liable as surety to the holder.” The question is, whether the holder must give the endorser any notice before he brings his action. It is to be regretted that statutes should be expressed in such terms as impart to the judiciary no certain knowledge, or means of knowledge of the legislative intention, and put the court in danger of mistaking it. It unfortunately may so happen in this instance. The expression “liable as surety.” has no definite legal sense, nor any established signification in common parlance,. Whenever one person is liable for the debt of another, by whatever means, or in whatever form the liability is created, the person is in law a surety; and perhaps in popular language is said to be “ liable as.surety for the other.” But the extent of die liability, its nature, whether immediate or remote, positive or conditional, legally depends upon the terms and nature of the engagement. It may be by recognizance, by bail bond, obligation, note, guaranty, endorsement, and otherwise, in the same or a separate instrument. But “ liable as surety” is not the phraseology of the law ; and in either of those cases the surety is said to be liable .for the debt as cognizor, obligor, maker or endorser. It is therefore hazarding something to change the responsibility of an endorser upon language so vague and unsatisfactory. But practically an interpretation on .the circuits was given to the *76 act soon after it passed, which was probably in accordance with the intention of the framers, then, perhaps, better known than now, and which as far as it can be ascertained and has been uniform, ought to be adhered to, if not inconsistent with the words of the act itself. It is believed that it 'has invariably been construed as dispensing with a demand on the obligor of a bond, or maker of a note, and of course with notice also to the endorser of their default. It has been likewise generally understood, that it is unnecessary to put the endorser himself in default by a demand of payment from him before suit. If the enactment is to be regarded at all, it must have the first of those, effects allowed to it; and perhaps those were all that were in the contemplation of the legislature. The declaration against an endorser alledged his endorsement, a demand upon the maker, his refusal, and notice thereof to the endorser, by means whereof and by force of the statute, he became liable to pay; and the controversies were numerous and nice, whether the endorser had been fixed by a demand, at the proper place and day, on the proper person, and a notice within reasonable time from the party entitled to the money. The escapes of endorsers upon pretence of laches in the holder, were frequent, and the holders for value lost their securities, by ignb-rantly or negligently omitting some trivial minutia, such as not inquiring for the nearest post-office of the endorser, or sending by a dilatory private hand instead of the post, or not writing by the first post, although absence from home might have prevented the holder from coming to the knowledge of the dishonor of the instrument. These were the ordinary inconveniences which required a remedy; for generally the endorser came by no actual loss from the mistakes or omissions of the holder. That remedy will be complete by al~ lowing every thing to, be struck out of the old declaration, but the endorsement, and the averment that thereby, and by force of the statutes, the defendant became liable to pay the money in the bill or note specified'to the holder. This will be carrying the act far enough for all the purposes of justice. It fixes the endorser with a positive, direct and unconditional responsibility for the debt, if the endorsement has a consideration to support it; and the holder can lose his money only by such delay qs will bar him by force of the statute'of limi *77 tations. In construing so dark a provision we are autho-fised, if not required, to accept light from every source if even a feeble ray. This exposition receives partial'confir--mation by the addition made in revising the statutes that “ no demand on the maker shall be necessary.” (See 1 Rev. Stat. c. 13, sec. 11.) Those words are in a measure explanatory of that liability, which before was that of an endorser, and is now that of “ a surety.” It is not necessary therefore to give to those words “ liable as surety,” the meaning that the endorser should be liable as if he had signed .a note asa maker, with the principal, or sealed and delivered a bond in like manner. Instead of doing justice to the holder by' protecting him from artful quibbles, that might work injustice to endorsers by subjecting them upon endorsements obtained by fraud or without consideration, and by exposing them to stále demands that might be kept alive by collusion between the holder and maker. It is not to be presumed that the legislature meant to repeal the statute of limitations in respect to an endorsement which is a simple contract, while laws have been constantly parsing with the object, for the ease of sureties, of making creditors diligent, by discharging sureties by bond, if not sued in a reasonable time, as the bonds of gu,ar-dians, sheriffs and others. And it is not credible, that they meant to declare this simple contract valid without a consideration, and oblige one who endorsed a note by way of gift, or to an agent, to pay the money to his donee or factor, it could not be collected from the maker. They did not ■ intend any alteration' but that of turning an implied conditional contract into an implied unconditional stipulation between the endorser and holder. The words “unless otherwise plainly expressed ” refer to endorsements without recourse and the like. Such being the object of the statute, seems to follow that no notice of any sort to the endorser is requisite. 'It seemed otherwise at first, upon the ground this was a collateral engagement for the act of another. But it is not so.; or if it be, it has the obligation of an endorsement after the endorser is fixed with notice of demand and refusal, and that the holder looks to the endorser for payment. No further or second .notice to the endorser was required, before the act, to sustain the action against him; *78 and the act was Certainly not meant to create a necessity for n°dce to any purpose. The declaration seems therefore to be properly framed under the statute, and the judgment of the Superior Court right.
Per Curiam. Judgment affirmed.